# In the United States Court of Federal Claims

No. 21-1876C
(Filed: December 9, 2021)
**NOT FOR PUBLICATION**

```
*************************************
KARL DAVID SCHNEITER,            *
                                 *
         Plaintiff,              *
                                 *        Pro Se Plaintiff; Motion for Default
v.                               *        Judgment Against the United States, RCFC
                                 *        55
THE UNITED STATES,               *
                                 *
         Defendant.              *
*************************************
```

## ORDER

Plaintiff Karl David Schneiter, proceeding pro se and relying on Rule 55 of the Rules of the United States Court of Federal Claims ("RCFC"), moves for default judgment against the United States. Mr. Schneiter asserts that he is entitled to a default judgment because defendant did not respond to his complaint within the time permitted by this court's rules. As described below, however, one missed filing deadline does not justify entering a default judgment against a litigant in this court. Accordingly, Mr. Schneiter's motion must be denied.

### I. BACKGROUND

Mr. Schneiter filed his complaint in this court on September 20, 2021. He seeks $3402 in damages because, in his view, an agency of the United States misled him as to the tax consequences of his relocation to a new duty station in Hawaii. Compl. 4. Pursuant to this court's rules, defendant's response to the complaint was due on or before November 22, 2021, sixty days after the clerk's office served the complaint on the United States Department of Justice on September 22, 2021. RCFC 12(a)(1)(A).

Defendant did not file either an answer or other response to the complaint by November 22, 2021. On that date, Mr. Schneiter filed his motion for the entry of a default judgment. Defendant filed a response to the motion on November 30, 2021, in which counsel acknowledged that she had missed the filing deadline for responding to the complaint. Mr. Schneiter filed his reply on December 2, 2021. The motion is fully briefed and ripe for decision.

### II. DISCUSSION

The court cannot grant a motion for the entry of a default judgment unless the movant "establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(b)(2); see

also Alli v. United States, 93 Fed. Cl. 172, 179 (2010) (noting that the court may consider "whether the grounds for default are clearly established or, conversely, are in doubt").  At this stage of the litigation, Mr. Schneiter's right to recovery from the United States has not been clearly established.  Indeed, the entry of a default judgment by this court is extremely rare because "a trial on the merits is favored over default judgment."  Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993).

Moreover, if a party fails to meet just one filing deadline, the entry of a default judgment against that party is seen as an extreme and unwarranted sanction.  See Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing.").  Here, defendant's counsel missed a single filing deadline set for November 22, 2021.[1]  If an attorney fails to meet a filing deadline, it is not fair to punish the represented party, including the United States and its agencies, when the attorney's error may not have been noticed by his or her client.  See id. at 837 ("Default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court.").  Further, failing to file an answer in a timely fashion does not constitute culpable conduct that would merit the entry of a default judgment against a party, which is seen as a drastic sanction for the willful disregard of court rules.  See Info. Sys. & Networks Corp., 994 F.2d at 796-97 (reversing, as an abuse of the trial court's discretion, the entry of a default judgment against a party that failed to file an answer); Plus Med., LLC v. United States, No. 14-600C, 2014 WL 5446019, at *3-4 (Fed. Cl. Oct. 27, 2014) (declining to enter a default judgment when the United States failed to timely answer the complaint, characterizing the missed deadline as a "technical failure on the part of defendant," and granting an extension of time for the filing of a response to the complaint).  Defendant's failure to meet its filing deadline is regrettable, and the court fully understands Mr. Schneiter's frustration, but the missed filing deadline cannot justify the entry of a default judgment against the United States in these circumstances.

### III.  CONCLUSION

Mr. Schneiter's motion for default judgment is **DENIED**.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge

---

[1] Defendant filed a motion for an enlargement of the answer deadline on December 3, 2021.  Mr. Schneiter's response to the motion is due by December 17, 2021.